UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

ANTONIO HOMAN,

                       Plaintiff,

  v.                                               Case No. 25-cv-1806-pp

MILWAUKEE COUNTY JAIL,

                       Defendant.

---

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2) AND SCREENING COMPLAINT UNDER 28 U.S.C. §1915A**

---

Plaintiff Antonio Homan, who is incarcerated at the Milwaukee County Jail and is representing himself, filed a complaint under 42 U.S.C. §1983, alleging violations of federal law while confined at the jail. This order resolves the plaintiff's motion for leave to proceed without prepaying the filing fee, dkt. no. 2, and screens his complaint, dkt. no. 1.

**I.    Motion for Leave to Proceed without Prepaying the Filing Fee (Dkt. No. 2)**

The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was incarcerated when he filed his complaint. See 28 U.S.C. §1915(h). The PLRA lets the court allow an incarcerated plaintiff to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. §1915(a)(2). When funds exist, the plaintiff must pay an initial partial filing fee. 28 U.S.C. §1915(b)(1). He then must pay the balance of the $350 filing fee over time, through deductions from his prisoner account. Id.

On November 21, 2025, the court ordered the plaintiff to pay an initial partial filing fee of $35.03. Dkt. No. 5. The court received that fee on December

1

30, 2025. The court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee and will require him to pay remainder of the filing fee over time in the manner explained at the end of this order.

## II. Screening the Complaint

### A. Federal Screening Standard

Under the PLRA, the court must screen complaints brought by incarcerated persons seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the incarcerated plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less

2

Case 2:25-cv-01806-PP   Filed 02/20/26   Page 2 of 9   Document 7

stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B.    The Plaintiff's Allegations

The plaintiff names as a defendant the Milwaukee County Jail. Dkt. No. 1 at 1. He alleges that he suffers from dry skin that is scratchy and irritated, and that his hair is falling out. Id. at 2. The plaintiff states that the jail has denied him access to sunlight "which also has prevented [his] body from receiving the natural nutrients that having access to sunlight provides, such as, Vitamins D & C which are two of the most essential vitamins that a human needs and desires in order for the body to properly grow and reach [his] full potential." Id. at 2-3. The jail allegedly is aware that it is neglecting and denying him access to sunlight. Id. at 3. The plaintiff states that due to not receiving proper sunlight, he has low calcium which affects his bones, teeth, fingers and toenails. Id. He says that his eyes have begun to take on a dull white color. Id. at 4. The plaintiff says that he has complained to medical staff, but that no action has been taken. Id. For relief, the plaintiff seeks $5,000,000. Id. at 6.

C.    Analysis

The plaintiff cannot sue the Milwaukee County Jail under §1983. Section 1983 allows a plaintiff to sue a "person" who, acting under color of law, violates his constitutional rights. The Milwaukee County Jail is not a person—it is not an individual subject to suit under §1983. It is true that under some circumstances, a plaintiff may sue a municipality—which is not a person— under §1983. See Monell v. Dep't of Social Serv's of City of New York, 436 U.S. 658 (1978). But Fed. R. Civ. P. 17(b) says that a defendant in a federal lawsuit must have the legal capacity to be sued. State law determines whether an entity has that capacity. Webb v. Franklin Cnty. Jail, Case No. 16-cv-1284,

3

2017 WL 914736 at *2 (S.D. Ill. Mar. 8, 2017). In Wisconsin, the jail is an arm of the sheriff's department and under Wisconsin law, the sheriff's department is an arm of the county. See Abraham v. Piechowski, 13 F. Supp. 2d 870, 877-79 (E.D. Wis. 1998). This means that neither the jail nor the sheriff's department are "legal entit[ies] separable from the county government which [they] serve[] . . . ." Whiting v. Marathon Cnty. Sheriff's Dep't, 382 F.3d 700, 704 (7th Cir. 2004)). Because the Milwaukee County Jail does not have the capacity to be sued, the plaintiff may not proceed against the jail.

The court assesses conditions-of-confinement claims brought by pretrial detainees under the Fourteenth Amendment. Mulvania v. Sheriff of Rock Island Cnty., 850 F.3d 849, 856 (7th Cir. 2017). "Pre-trial detainees may assert a conditions-of-confinement claim under the Fourteenth Amendment's Due Process Clause." Hardeman v. Curran, 933 F.3d 816, 821–22 (7th Cir. 2019). The court analyzes such claims under an objective reasonableness standard. Id. at 822–23. To state a claim, the plaintiff must first allege that the conditions of confinement were "objectively serious enough to amount to a constitutional deprivation." Smith v. Dart, 803 F.3d 304, 309 (7th Cir. 2015). An objectively serious condition of confinement must result in the denial of "the minimal civilized measure of life's necessities." Hardeman, 933 F.3d at 820 (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)). Second, the plaintiff must allege that "the defendant's response was objectively unreasonable under the circumstances, and that the defendant acted purposely, knowingly, or recklessly with respect to the consequences of his actions." Mays v. Emanuele, 853 F. App'x 25, 27 (7th Cir. 2021) (cleaned up) (citing Hardeman, 933 F.3d at 823, 827; Miranda v. County of Lake, 900 F.3d 335, 353–54 (7th Cir. 2018)). The defendant's response is objectively unreasonable if it is "not rationally

4

related to a legitimate nonpunitive governmental purpose" or is "excessive in relation to that purpose." Kingsley v. Hendrickson, 576 U.S. 389, 398 (2015).

The plaintiff alleges that he has been denied access to sunlight while at the jail, which has adversely impacted his physical health. "Although direct sunlight itself does not appear to be a 'basic human need,' a plaintiff may establish that sunlight is a necessary element to his physical or psychological health, or that lack of sunlight otherwise exposes him to a substantial risk of serious harm." Lindell v. Schneiter, 531 F. Supp. 2d 1005, 1013 (W.D. Wis. 2008). But the plaintiff does not say how long he has been denied access to sunlight. See Shaw v. Dep't of Corr., Case No. 25-cv-610, 2025 WL 1870850, at *4 (E.D. Wis. June 10, 2025) (thirty-five day sunlight deprivation not sufficiently serious to state a claim under Eighth Amendment) (citing Lindell v. Frank, No. 06-cv-608, 2006 WL 3300379, at *7-8 (W.D. Wis. Nov. 13, 2006) (holding that plaintiff who was allegedly denied access to sunlight *for years* stated a claim); Richard v. Reed, 49 F. Supp. 2d 485 (E.D. Va. 1999) (claim that jail officials deprived incarcerated individual of direct sunlight for more than 100 days did not state an Eighth Amendment claim)).

The plaintiff also has not sued any jail staff members who allegedly denied him access to sunlight. To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that some person deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cnty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)).

5

For these reasons, the complaint fails to state a claim. But the court will give the plaintiff an opportunity to file an amended complaint regarding his allegations that he has been denied sunlight at the jail.

The court is enclosing a copy of its amended complaint form. If the plaintiff chooses to file an amended complaint he must use that form. See Civil Local Rule 9(b) (E.D. Wis.). The plaintiff must list the case number for this case on the first page. He must list all the defendants he wants to sue in the caption of the amended complaint. He should use the spaces on pages two and three to explain the key facts that give rise to the claims he wishes to bring, and to describe which defendants he believes committed the violations that relate to each claim. If there is not enough space on those pages, the plaintiff may use up to five additional sheets of paper, double-spaced so that the court can read them. The amended complaint takes the place of the prior complaint and must be complete in itself; the plaintiff may not refer the court or other readers back to facts in the previous complaint.

When writing his amended complaint, the plaintiff should provide the court with enough facts to answer the following questions: 1) Who violated his constitutional rights?; 2) What did each person do to violate his rights?; 3) Where did each person violate his rights?; and 4) When did each person violate his rights? The amended complaint does not need to be long or contain legal language or citations to statutes or cases, but it does need to provide the court and each defendant with notice of what each defendant allegedly did or did not do to violate his rights.

### III. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

The court **CONCLUDES** that the plaintiff's complaint fails to state a claim. Dkt. No. 1.

The court **ORDERS** that the plaintiff may file an amended complaint that complies with the instructions in this order. If the plaintiff chooses to file an amended complaint, he must file it by the end of the day on **March 20, 2026**. If the plaintiff files an amended complaint by the deadline, the court will screen the amended complaint as required by 28 U.S.C. §1915A. If the plaintiff does not file an amended complaint or a request for more time to file one by the March 20, 2026 deadline, the court will dismiss this case based on the plaintiff's failure to state a claim in his original complaint and will issue him a strike as required by 28 U.S.C. §1915(g).

The court **ORDERS** that the agency that has custody of the plaintiff must collect from his institution trust account the **$314.97** balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency must clearly identify the payments by the case name and number. If the plaintiff transfers to another county, state or federal institution, the transferring institution must forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The court will send a copy of this order to the Office of the Sheriff, Fiscal Operations, Rm. 224, 821 W. State Street, Milwaukee, WI 53233.

The court **ORDERS** that plaintiffs who are incarcerated at Prisoner E-Filing Program institutions[1] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are incarcerated at all other prison facilities must submit the original document for each filing to the court to the following address:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

The court advises the plaintiff that, if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to diligently pursue it. The parties must notify the Clerk of Court of any change of address. The court advises the plaintiff that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. The plaintiff's failure to keep the court advised of his address may result in the court dismissing this case without further notice.

The court will include a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner

---

[1] The Prisoner E-Filing Program is mandatory for all individuals incarcerated at Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

Litigants' Common Questions," this guide contains information that the plaintiff may find useful in prosecuting his case.

Dated in Milwaukee, Wisconsin, this 20th day of February, 2026.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**

9

Case 2:25-cv-01806-PP   Filed 02/20/26   Page 9 of 9   Document 7