ANTONIO HOMAN,

                    Plaintiff,

          v.                                        Case No. 25-cv-1806-pp

DENITA BALL,

                    Defendant.

**ORDER SCREENING AMENDED COMPLAINT (DKT. NO. 8)**

Plaintiff Antonio Homan, who is confined at the Wisconsin Secure Program Facility and is representing himself, filed this case alleging violations of his constitutional rights. The court screened the complaint and determined that it did not state a claim. Dkt. No. 7 at 7. The court gave the plaintiff an opportunity to file an amended complaint. Id. This order screens the amended complaint. Dkt. No. 8.

**I.      Screening the Amended Complaint (Dkt. No. 8)**

      A.      Federal Screening Standard

Under the Prison Litigation Reform Act, the court must screen complaints brought by incarcerated persons seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the incarcerated plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case

1

under Federal Rule of Civil Procedure 12(b)(6). <u>See</u> <u>Cesal v. Moats</u>, 851 F.3d 714, 720 (7th Cir. 2017) (citing <u>Booker-El v. Superintendent, Ind. State Prison</u>, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Id.</u> (citing <u>Twombly</u>, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. <u>D.S. v. E. Porter Cnty. Sch. Corp.</u>, 799 F.3d 793, 798 (7th Cir. 2015) (citing <u>Buchanan–Moore v. County of Milwaukee</u>, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. <u>Cesal</u>, 851 F.3d at 720 (citing <u>Perez v. Fenoglio</u>, 792 F.3d 768, 776 (7th Cir. 2015)).

B.      Amended Complaint's Allegations

The plaintiff was confined at the Milwaukee County Jail at the time he filed the amended complaint. The amended complaint alleges that between the time the plaintiff entered the Milwaukee County Jail on November 9, 2022 until the time that he filed his amended complaint on March 12, 2026, he has "been without natural sunlight." Dkt. No. 8 at 2. He states that defendant Milwaukee

2

County Sheriff Denita Ball, who is the head of the Milwaukee County Jail, sets the rules and that he has been denied access to sunlight based on her authority. Id. The lack of sunlight allegedly causes the plaintiff to be deficient in "calcium, Vitamin A, B, C and D." Id. The plaintiff states that he "continue[s] to suffer thinning of hair – weakening of finger & toenails – darkening of both fingers & toenails – discoloration in [his] eyes where[]as the whites in [his] eyes ha[ve] taken on a pale yellowish color." Id. at 3. He also says that his skin continues to crack and itch. Id.

The plaintiff alleges that there are "large metal shades" in the inside recreation area that can be lifted to allow fresh air and natural sunlight to enter, but that the shades never were lifted. Id. He allegedly has filed grievances and medical complaints, but no action was taken. Id. The plaintiff states that Sheriff Ball's failure to provide him with natural sunlight and fresh air has caused him to suffer. Id. For relief, he seeks $5,000,000. Id. at 4.

C.      Analysis

The court assesses conditions-of-confinement claims brought by pretrial detainees under the Fourteenth Amendment. Mulvania v. Sheriff of Rock Island Cnty., 850 F.3d 849, 856 (7th Cir. 2017). "Pre-trial detainees may assert a conditions-of-confinement claim under the Fourteenth Amendment's Due Process Clause." Hardeman v. Curran, 933 F.3d 816, 821–22 (7th Cir. 2019). The court analyzes such claims under an objective reasonableness standard. Id. at 822–23. To state a claim, the plaintiff first must allege that the conditions of confinement were "objectively serious enough to amount to a constitutional deprivation." Smith v. Dart, 803 F.3d 304, 309 (7th Cir. 2015). An objectively serious condition of confinement must result in the denial of "the minimal civilized measure of life's necessities." Hardeman, 933 F.3d at 820 (quoting

3

Rhodes v. Chapman, 452 U.S. 337, 347 (1981)). Second, the plaintiff must allege that "the defendant's response was objectively unreasonable under the circumstances, and that the defendant acted purposely, knowingly, or recklessly with respect to the consequences of his actions." Mays v. Emanuele, 853 F. App'x 25, 27 (7th Cir. 2021) (cleaned up) (citing Hardeman, 933 F.3d at 823, 827; Miranda v. County of Lake, 900 F.3d 335, 353–54 (7th Cir. 2018)). The defendant's response is objectively unreasonable if it is "not rationally related to a legitimate nonpunitive governmental purpose" or is "excessive in relation to that purpose." Kingsley v. Hendrickson, 576 U.S. 389, 398 (2015).

The plaintiff alleges that he was denied access to sunlight while at the jail, which adversely impacted his physical health. "Although direct sunlight itself does not appear to be a 'basic human need,' a plaintiff may establish that sunlight is a necessary element to his physical or psychological health, or that lack of sunlight otherwise exposes him to a substantial risk of serious harm." Lindell v. Schneiter, 531 F. Supp. 2d 1005, 1013 (W.D. Wis. 2008). When the court screened the original complaint, it determined that the plaintiff had not stated a claim because he did not say how long he had been denied access to sunlight, nor did he sue any defendants who allegedly denied him access to sunlight. Dkt. No. 7 at 5.

In the amended complaint, the plaintiff states that he was denied access to sunlight for more than three years. This allegedly implicates the plaintiff's constitutional rights. See Lindell v. Frank, Case No. 06-cv-608, 2006 WL 3300379, at *7-8 (W.D. Wis. Nov. 13, 2006) (holding plaintiff who was allegedly denied access to sunlight for years stated a claim). But the plaintiff still has not sued any defendant(s) who allegedly denied him access to sunlight and knew about the alleged physical suffering the plaintiff experienced. The plaintiff sued

4

only Sheriff Ball based on her position as head of the jail. Dkt. No. 8 at 2. Sheriff Ball is not responsible solely based on her position as sheriff. <u>See</u> <u>Burks v. Raemisch</u>, 555 F.3d 592, 595-96 (7th Cir. 2009) (§1983 limits liability to public employees who are personally responsible for a constitutional violation); <u>see also</u> <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 677 (2009). For liability to attach, the individual defendant must have caused or participated in a constitutional violation. <u>Hildebrandt v. Ill. Dep't of Nat. Res.</u>, 347 F.3d 1014, 1039 (7th Cir. 2003). As for supervisors, the personal responsibility requirement is satisfied if the constitutional deprivation occurs at the supervisor's direction or with the supervisor's knowledge and consent. <u>Id.</u> In other words, the supervisor "must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye." Id. (quoting <u>Gentry v. Duckworth</u>, 65 F.3d 555, 561 (7th Cir. 1995)). The plaintiff does not allege that he complained to Sheriff Ball about being denied access to sunlight or that she knew that lack of sunlight was causing him harm. The plaintiff has not stated a claim against Ball.

The court will give the plaintiff one more opportunity to file an amended complaint. He should sue the individuals who allegedly were personally involved in the denial of sunlight, that is, jail officials to whom he allegedly complained about the negative impact of being denied access to sunlight.

The court is enclosing a copy of its amended complaint form. The plaintiff must use this form for his second amended complaint. <u>See</u> Civil Local Rule 9(b). (E.D. Wis.). The plaintiff must write "Second" above the words "<u>Amended Complaint</u>" at the top of the first page, and he must write the case number for this case in the space provided on the first page. He must list all the defendants he wants to sue in the caption of the amended complaint. He should use the spaces on pages two and three to explain the key facts that give

5

rise to the claims he wishes to bring, and to describe which defendants he believes committed the violations that relate to each claim. If there is not enough space on those pages, the plaintiff may use up to five additional sheets of paper, double-spaced so that the court can read them. The second amended complaint takes the place of the original complaint and the prior amended complaint and must be complete in itself; the plaintiff may not refer the court or other readers back to facts in the previous complaints.

When writing his second amended complaint, the plaintiff should provide the court with enough facts to answer the following questions: 1) Who violated his constitutional rights?; 2) What did each person do to violate his rights?; 3) Where did each person violate his rights?; and 4) When did each person violate his rights? The amended complaint does not need to be long or contain legal language or citations to statutes or cases, but it does need to provide the court and each defendant with notice of what each defendant allegedly did or did not do to violate his rights.

## II.  Conclusion

The court **CONCLUDES** that the plaintiff's amended complaint fails to state a claim. Dkt. No. 8.

The court **ORDERS** that the plaintiff may file a second amended complaint that complies with the instructions in this order. If the plaintiff chooses to file a second amended complaint, he must do so in time for the court to receive it by the end of the day on **July 31, 2026**. If the court the plaintiff files a second amended complaint by July 31, 2026, the court will screen the second amended complaint as required by 28 U.S.C. §1915A. If the plaintiff does not either file a second amended complaint or a request for more time to file one by the end of the day on Friday, July 31, 2026, the court will

dismiss this case based on the plaintiff's failure to state a claim in his original and amended complaints and will issue him a strike as required by 28 U.S.C. §1915(g).

Dated in Milwaukee, Wisconsin this 2nd day of July, 2026.

BY THE COURT:

HON. PAMELA PEPPER
Chief United States District Judge